IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALENCIA and AURORA VALENCIA,<br><br>　　　　Plaintiffs,<br><br>v<br><br>BRIGHT COOP, INC., et al.,<br><br>　　　　Defendants. | No. 1:06-CV-00013-AWI-LJO<br><br>**PROTECTIVE ORDER PURSUANT TO F.R.Civ.P. 26(c)** |

　　　　To preserve and maintain the confidentiality of certain documents and materials produced by Defendant Bright Coop (BRIGHT COOP) in this lawsuit, IT IS HEREBY ORDERED:

　　　　1.　　As to any documents, materials or information produced or disclosed in this action by BRIGHT COOP and designated by BRIGHT COOP as being confidential, such documents, materials or information (including any copies, recordings, discs, prints, negatives, summaries, or the contents or substance thereof) shall not be shown or sent to any entity or person except the parties to this lawsuit, their attorneys and employees, experts and consultants specifically employed and retained in connection with this action.

　　　　2.　　Any employee, expert or consultant allowed access to confidential information pursuant to this Protective Order shall use the information only for purposes of this litigation and shall not give, show or send any of the documents, materials or information produced by BRIGHT COOP which are designated confidential to any other entity or person.

　　　　3.　　All transcripts, depositions, exhibits or other pleadings or filings in this action that contain or otherwise set forth documents, information or other materials, or the contents thereof, which have been previously designated by BRIGHT COOP as confidential shall likewise be subject to the terms of this stipulation and Protective Order. Any such transcripts, depositions, exhibits or other such documents, containing such confidential information, which are filed with the Court, shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" and a statement substantially stating that the envelope or container is not to be opened, nor the contents

thereof to be displayed or revealed, except by express order of the Court.

4. Upon conclusion of this action, by settlement or otherwise, counsel for Plaintiffs herein shall return to counsel for BRIGHT COOP all documents or other materials produced by BRIGHT COOP which are subject to this Protective Order, including the return of any and all copies, recordings, prints, discs, negatives, or summaries thereof (including, but not limited to, any such materials in the possession of any employees, experts or consultants), except those comprising any trial or appellate court record. As to any confidential documents and materials that comprise any portion of the trial or appellate record, they shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 3 of this Protective Order.

5. All documents, information or materials furnished by BRIGHT COOP, designated so as to be subject to this Protective Order, shall be so designated by BRIGHT COOP at the time produced or disclosed. BRIGHT COOP may only designate materials that contain trade secrets or other confidential research, development or commercial information.

(a) "Trade secrets or other confidential research, development or commercial information" means a secret, commercially valuable plan, formula, process or device that is used for the making, preparing, compounding or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort. This definition requires that there be a direct relationship between the subject information and the productive process. The definition includes only information that, if disclosed, will cause a clearly defined, serious injury to BRIGHT COOP's business.

(b) If BRIGHT COOP designates any materials which Plaintiffs contend do not contain trade secrets or other confidential research, development or commercial information, Plaintiffs shall identify those materials in a letter to counsel for BRIGHT COOP **and explain Plaintiffs' position as to confidentiality**. Counsel for BRIGHT COOP shall then request a hearing within 30 days on the issues of confidentiality of those items in dispute or else the confidential status of those items shall terminate at the end of 30 days from the receipt of the letter from counsel for Plaintiffs, unless the time for the hearing or ruling on the issue is extended in writing by agreement of the parties or order of the Court, or unless the confidential status is approved by the Court. BRIGHT COOP shall have the burden to prove its claim that such items are trade secrets or other confidential research, development or commercial information. **The parties shall engage in good faith, genuine efforts to avoid Court intervention on confidentiality issues.**

6. To the extent that protected documents, or information contained therein, are used in the taking of depositions, the documents or information shall remain subject to the provisions of this Protective Order.

7. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, division, employees, agents, independent contractors, or other persons or organizations over which they have control. This Protective Order is without prejudice to reconsideration by the Court as discovery continues and may, upon showing of need and good cause, be modified.

IT IS SO ORDERED.

**Dated:   December 7, 2006**          **/s/ Lawrence J. O'Neill**
66h44d                                 UNITED STATES MAGISTRATE JUDGE